UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NO.: C-21-1059 |
| | § | |
| CESAR ROCHA | § | |

## STIPULATION OF FACT

CESAR ROCHA, hereinafter referred to as the Defendant, has agreed to stipulate with the United States Attorney for the Southern District of Texas, Jennifer B. Lowery, through the undersigned Assistant United States Attorney, to the following facts and expected testimony concerning the violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A) alleged in Count One of the above-numbered Indictment. The parties agree that these facts are sufficient to establish a factual basis for the Defendant's plea, pursuant to Fed. R. Crim. P. 11(b)(3).

I.

As to Count One the defendant confesses and stipulates that within the Southern District of Texas between on or about November 28, 2021,

1) That two or more persons, directly or indirectly, reached an agreement to knowingly and intentionally possess a controlled substance with the intent to distribute;

2) That the defendant knew of the unlawful purpose of the agreement;

3) That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;

1

3)     That the amount of methamphetamine involved in the conspiracy was more than 500 grams; and

5)     That the defendant knew or reasonably should have known the amount of methamphetamine involved in the conspiracy was more than 500 grams.

II.

The Defendant further stipulates that:

1. On or about November 28, 2021, at approximately 1:40p.m., a Greyhound bus arrived at the Falfurrias Border Patrol Checkpoint. The bus was directed to the secondary inspection area of the checkpoint for agents to conduct an immigration check of the passengers on board. While there, a canine alerted to the luggage compartment underneath the bus, specifically to a black and gold bag stored therein. The agent directed all passengers to exit the bus and to get their luggage from the compartment and form a line outside. Co-conspirator 1 (C-1) took custody of the black and gold bag the canine had alerted to. The agents asked for consent to search the bag, and C-1 agreed. Inside the bag, agents discovered a square object, vacuum-sealed in plastic and wrapped in dryer sheets and a towel, which the agents recognized as being consistent with attempting to conceal narcotics. The object was weighed and tested; the weight was 1.101 kilograms and test results were positive for methamphetamine. The case was transferred to the Drug Enforcement Agency.

2. Agents recovered C-1's bus ticket, showing travel from Harlingen to Corpus Christi. They also recovered surveillance video from the Harlingen bus station that showed Defendant and C-1 together. Video shows Defendant and C-1 arrived to the bus station in Defendant's car, and Defendant was driving. They exited the car, and

2

Defendant went to the trunk and retrieved the black and gold luggage bag that contained the methamphetamine. The video then shows Defendant carrying the bag into the bus station. Defendant purchased the bus ticket for C-1 to travel to Corpus Christi, then he accompanied C-1 to the bus and placed the black and gold bag into the luggage compartment of the Greyhound bus.

3. Defendant was later interviewed by DEA agents and agreed to give a statement. He stated that C-1 had worked for him on more than one occasion, transporting controlled substances via bus. He stated that he would pay for the bus tickets and that C-1 and another unnamed co-conspirator (C-2) would travel with the narcotics via bus, while he drove his car. Upon arrival to Corpus Christi, Defendant stated he would pick up C-1 and the luggage containing the controlled substance, and then he would deliver the controlled substance to an unnamed co-conspirator (C-3) by leaving the narcotics in the trunk of a vehicle parked outside an auto-repair shop. Defendant admitted he knew the packages contained controlled substances, and that he would regularly move one to three kilograms of narcotics at once, and that he would be paid approximately $1,500 per kilogram.

4. A chemist for the DEA's South Central Laboratory tested the suspected methamphetamine and identified the presence of 100% pure methamphetamine at a net weight of 975g.

III.

The parties hereto agree that the United States could prove the above facts beyond a reasonable doubt. The undersigned have thoroughly reviewed, understand, and agree

that the information contained in this Stipulation of Fact are true and correct.

_____        3-15-22
CESAR ROCHA                            Date
Defendant

_____        3-15-22
Attorney for the Defendant             Date

JENNIFER B. LOWERY
UNITED STATES ATTORNEY

By: _____        3/9/2022
ASHLEY E. J. MARTIN                    Date
Assistant United States Attorney

4